Patricia WELLS, Executrix of the Estate
of Linn S. Wells

v.

FRANKLIN BROADCASTING
CORPORATION.

Supreme Judicial Court of Maine.

July 9, 1979.

Burton G. Shiro, Ronald L. Bishop (orally), Waterville, for plaintiff.

Cloutier & Joyce, Edward S. David (orally), Edward H. Cloutier, Livermore Falls, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Plaintiff-employee Linn S. Wells, now deceased,[1] brought an action for damages against defendant-employer Franklin Broadcasting Corporation, alleging that defendant discharged plaintiff because of his age in violation of the fair employment provisions of the Maine Human Rights Act, 5 M.R.S.A. §§ 4571–72 (1979).[2] A Franklin

---

1. Plaintiff Linn S. Wells died during the pendency of this appeal. Patricia Wells, executrix of the estate of Linn S. Wells, was substituted as plaintiff and appellant pursuant to Rule 25, M.R.Civ.P. The term "plaintiff" will be used herein to refer to Linn S. Wells or his personal representative as appropriate in the context.

2. The Fair Employment provisions of the Maine Human Rights Act, 5 M.R.S.A. §§ 4571–72 (1979), provide in pertinent part:

"§ 4571. *Right to freedom from discrimination in employment*

"The opportunity for an individual to secure employment without discrimination because of race, color, sex, physical or mental handicap, religion, age, ancestry or national origin is recognized as and declared to be a civil right."

"§ 4572. *Unlawful employment discrimination*

"1. Unlawful employment. It shall be unlawful employment discrimination, in violation of this Act, except where based on a bona fide occupational qualification:

County jury returned a verdict for defendant corporation. On appeal, plaintiff contends that the presiding justice erred in instructing the jury and in admitting certain evidence. Because we agree that the presiding justice erred in instructing the jury to return a verdict for plaintiff only if it found that age was the sole, rather than a substantial, factor motivating Wells' dismissal, we vacate the judgment below and remand for a new trial.

In February 1968, defendant Franklin Broadcasting Corporation hired plaintiff Wells to work as manager of radio station WKTJ in Farmington. Wells' duties included broadcasting, sales, and administration. In October 1976 defendant terminated plaintiff's employment. At the time of his discharge, Wells was 75 years of age. Although in the letter discharging plaintiff, defendant's principal stockholder referred to the radio station's mandatory retirement policy, the stockholder testified at trial that his main reason for discharging Wells was the employee's inadequate performance as reflected in the complaints of listeners and advertisers. Plaintiff charged in a complaint filed in Superior Court in May 1977 that the termination of his employment was "based solely upon [his] age without regard to [his] mental and physical qualifications to perform and discharge his . . . duties and responsibilities." Plaintiff now appeals from the jury's verdict in favor of defendant.

In 1971 the Maine legislature first declared that "[t]he opportunity for an individual to secure employment without discrimination because of . . . age . . is recognized as and declared to be a civil right." The right against discrimination in employment on the basis of age finds protection in section 4572 of the Maine Human Rights Act, *supra,* which provides that "[i]t

shall be unlawful employment discrimination, in violation of this Act, except where based on a bona fide occupational qualification . . . [f]or any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of . . . age, or because of any such reason to discharge an employee . . . ."

The key issue on appeal involves a determination of what constitutes a prima facie case of age discrimination in employment. Specifically, does an employee make a prima facie case if he establishes that age, even though not the sole factor, was nonetheless a substantial factor motivating his dismissal.

The presiding justice instructed the jury that Wells could recover only if he proved that he was fired "solely because of his age." The instructions provided in pertinent part:

"It is the policy of our Legislature to prevent discrimination in employment on the basis of age. That's right. If it's on the basis of age, and nothing but age.

. . . . .

"The crucial question is whether the Defendant had reasonable grounds to . . . [terminate] the Plaintiff's employment because of the way the Plaintiff was doing his job, or not doing his job, because of the manner in which the job was done.

"If the Defendant did have such reasonable grounds to terminate employment, then your verdict would have to be for the Defendant. If you find that the Defendant acted arbitrarily and capriciously against the Plaintiff and fired him, or terminated his employment, solely because of his age, then your verdict must be for the Plaintiff.

"A. For any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of race or color, sex, *physical* or mental handicap, religion, ancestry or national origin or age, or because of any such *reason to* discharge an employee or discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privileges of em-

ployment, or any other matter directly or indirectly related to employment, or in recruiting of individuals for employment or in hiring them, to utilize any employment agency which such employer knows, or has reasonable cause to know, discriminates against individuals because of their race or color, sex, physical or mental handicap, religion, age, ancestry or national origin; . . . .."

"Now in a case of this nature, where it's in issue as to whether or not a person satisfactorily carried out his responsibilities, that's an issue that you have to determine. Assuming you find his employment was terminated, you have to decide why. Was it terminated because of his age, period? If it was that's a violation, that's discrimination against the employee, to fire him just because of his age. If it was terminated for another reason, then it's not a violation or discrimination under the age statute."

After careful consideration of the purposes underlying the legislature's ban on age discrimination in employment, we must conclude that the presiding justice's instructions constituted error. As we have previously noted, "The legislative history of the [Maine Human Rights Act] indicates that it was meant to have very broad coverage." *Maine Human Rights Comm'n v. Local 1361*, Me., 383 A.2d 369, 373 (1978). The legislature's ban on age discrimination in employment was clearly intended to combat a popular misconception that links age with incompetence. While physical or mental inability to perform a particular job may be a by-product of an employee's increasing number of years, a blanket policy of firing or refusing to hire all elderly employees will inevitably exclude many individuals whose abilities are undiminished by age. The purpose of the section 4572 ban on age discrimination in employment is to assure that performance, not age, will determine an employee's marketability and job security.

▮ That purpose would be undermined if, in order to recover under section 4572, an employee had to establish that age was the sole rather than a substantial factor motivating his discharge. Rare will be the case where an employer will be unable to identify some "reasonable ground" other than age to justify the discharge of an older employee. For example, an economic downturn might require a reduction in an employer's work force. If age had to be the sole factor motivating discharge to contravene the section 4572 prohibition, the employer could proceed by firing the oldest employees first without any individualized appraisal of their employment qualification as compared with younger workers. The prohibition against discrimination in employment is designed to preclude just such a practice. Similarly, while failure to meet a production quota might, for example, provide a reasonable ground for discharge, the act would forbid the dismissal of such a deficient employee who would not have been discharged but for his numerical age.

▮ In short, the proper inquiry is whether age was a substantial, even though perhaps not the only, factor motivating the employee's dismissal.[3] Accordingly, we hold that in an age discrimination case brought pursuant to 5 M.R.S.A. §§ 4571–72 the jury must be instructed that even if more than one factor affects the decision to dismiss an employee, the employee may recover if one factor is his age and in fact it made a difference in determining whether he was to be retained or discharged. If an employee would not have been dismissed but for his age, the existence of other reasonable grounds for his discharge does not relieve the employer from liability under the applicable statutory provisions.

The federal courts have reached a similar conclusion in construing the analogous federal statute prohibiting discrimination in employment on the basis of age, the "Age Discrimination in Employment Act," 29 U.S.C.A. § 623 *et seq.*[4] The leading federal

---

3. An analogy may be drawn between the treatment of multiple causation in the law of employment discrimination and the treatment of multiple causation in the law of torts and workers' compensation. *See Restatement (Second) of Torts* § 431 (1965) ("The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm"); W. Prosser, *Torts* 239–40 (1971); *Richardson v. Robbins Lumber, Inc.*,

Me., 379 A.2d 380, 383 (1977) (in a workers' compensation case involving an intervening non-work-related injury, the critical question is "whether the work-related injury remained a substantial factor in causing the ultimate disability").

4. In *Maine Human Rights Comm'n v. Local 1361*, Me., 383 A.2d 369, 375 (1978), we noted that "structural and linguistic similarities" be-

case addressing the issue now under consideration is *Laugesen v. Anaconda Co.,* 510 F.2d 307 (6th Cir. 1975). In responding to the plaintiff-employee's allegations of age discrimination in *Laugesen,* the employer contended that unfavorable economic conditions dictating a general layoff of employees was the primary factor motivating the plaintiff's discharge. The lower court judge instructed the jury that the plaintiff could recover if he established that he was discharged from his employment "merely because of his age" or "because of his age." *Id.* at 316 n. 6. The Sixth Circuit Court of Appeals reversed and remanded the case on the ground that the instruction failed to make it "clear that it [age] need not have been the sole or exclusive cause" of the plaintiff's discharge in order for the plaintiff to recover. *Id.* at 317. The court stated:

> "However expressed, we believe it was essential for the jury to understand from the instructions that there could be more than one factor in the decision to discharge him and that he was nevertheless entitled to recover if one such factor was his age and if in fact it made a difference in determining whether he was retained or discharged. This is so even though the need to reduce the employee force generally was also a strong, and perhaps even more compelling reason." *Id.* at 317.

tween the Maine Human Rights Act and the federal Civil Rights Act, 42 U.S.C.A. § 2000e, suggested that "the employment discrimination provisions in our statute were intended to be the state counterparts of the Federal Act, . . . [complementing] and in certain instances supplementing the federal." We concluded: "In such circumstances, decisions by federal courts interpreting the federal statutory equivalents of the Maine Act provide significant guidance in the construction of our statute." *Id.*

A comparison of section 4572 of the Maine Human Rights Act, n. 2 above, with the federal Age Discrimination in Employment Act (hereafter ADEA), 29 U.S.C.A. § 623 *et seq.,* yields the same conclusion. The federal act provides:

"§ 623. *Prohibition of age discrimination*

"(a) It shall be unlawful for an employer—

"(1) *to* fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privi-

*Accord, Cleverly v. Western Elec. Co.,* 594 F.2d 638, 641 (8th Cir. 1979) (jury must determine if age a "determining factor" in employee's layoff); *Carpenter v. Continental Trailways,* 446 F.Supp. 70, 73–74 (D.Tenn.1978) (if an employer in deciding to fire an employee "considers as one factor in that decision the employee's age, and if that factor made a difference, then the employer violated the Act"); *Fellows v. Medford Corp.,* 431 F.Supp. 199 (D.Or.1978) ("The ultimate factual issue for determination in [Age Discrimination in Employment Act] cases is whether or not age was even one of many reasons for discharge. In other words, if age made a difference, plaintiffs should prevail on their ADEA claims"); *Mastie v. Great Lakes Steel Corp.,* 424 F.Supp. 1299, 1321 (D.Mich.1976); *Usery v. General Elec. Co.,* 13 FEP Cases 1641, 1647 (D.Tenn.1976); *Hays v. Republic Steel Corp.,* 12 FEP Cases 1640, 1645 (D.Ala. 1974), *aff'd in part and rev'd in part on other grounds,* 531 F.2d 1307 (5th Cir. 1976). *See also* Note, "The Cost of Growing Old: Business Necessity and the Age Discrimination in Employment Act," 88 *Yale L.J.* 565, 568 (1979).

Since the presiding justice erroneously instructed the jury to return a verdict for plaintiff only if it found that Wells was discharged solely because of his age,[5] the entry must be:

leges of employment, because of such individual's age; . . . ."

The federal act became effective in 1968, three years before the enactment of the Maine act. We may conclude that the Maine legislature's ban on discrimination in employment on the basis of age, like the prohibition of discrimination on the basis of race, color, sex, or national origin, was patterned after its federal statutory equivalent. Consequently, federal cases construing the ADEA may aid our interpretation of the provision of the Maine Human Rights Act banning age discrimination in employment.

5. In reaching this decision we are not unaware of the presiding justice's admirable effort to draw the jury's attention to the distinction between age as a merely chronological factor which cannot be used as a basis for making employment decisions and "age" as a term compendiously referring to the individualized physical or mental changes which may be considered by the employer in determining wheth-

Appeal sustained.

Judgment for defendant vacated.

Case remanded for proceedings consistent with the opinion herein.

Costs on appeal allowed to appellant.

ARCHIBALD, J., did not sit.

er an employee is fit to perform his job. Unfortunately, the presiding justice's instruction also included the language quoted in the text above which blurs the distinction between age as a determinative or substantial factor and age as the sole factor motivating an employee's discharge, and we accordingly must vacate the jury's verdict for the defendant. We intimate no opinion regarding other alleged errors in the instructions and in the admission of evidence which plaintiff also asserts as a basis for setting aside the judgment below.