VACUUM SYSTEMS, INC.

v.

The BRIDGE CONSTRUCTION
COMPANY and Aetna Life
& Casualty Company.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1993.
Decided Oct. 26, 1993.

Daniel C. Stockford (orally), Rann & Isaacson, Lewiston, for plaintiff.

David P. Ray (orally), Amerling & Burns, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Vacuum Systems, Inc., ("VSI") appeals from the entry of a summary judgment in the Superior Court (Kennebec County, *Alexander, J.*) in favor of The Bridge Construction Company ("Bridge") and Aetna Life & Casualty Company ("Aetna") holding that VSI's action seeking recovery on a payment bond for labor and materials expended as a subcontractor was time-barred because VSI failed to commence its action within one year as required by the statute of limitations. 14 M.R.S.A. §· 871 (1980). On appeal, VSI contends that the record generates a material issue of fact whether Bridge and Aetna acted to induce VSI reasonably to forego commencing a timely action for payment such that Bridge and Aetna should be estopped from asserting the statute of limitations. We affirm the decision.

In February, 1989, the State of Maine contracted with Bridge to rehabilitate the West Buxton bridge over the Saco River. Bridge subcontracted a portion of the work to H & L Concrete ("H & L"), who in turn hired VSI. Aetna provided Bridge with the payment bond that Maine law requires of a contractor working for the State. *See* 14 M.R.S.A. § 871.

VSI performed the last of the work for H & L on July 31, 1989. Still unpaid by October 27, 1989, VSI notified both Bridge and Aetna in writing that the debt was outstanding. Aetna never replied. In the meantime, a dispute over payment arose between Bridge and H & L. Pursuant to their contract, Bridge and H & L entered into arbitration. At the suggestion of counsel for H & L, VSI joined the arbitration. Bridge consented, but notified VSI and the arbitration panel that because there was no agreement to arbitrate between VSI and Bridge, the arbitration could not decide any claims by VSI against Bridge.

VSI insisted that Bridge remain listed as a respondent to its claim in the arbitration, because VSI wanted to preserve its claim under the payment bond. In June, VSI and Bridge exchanged discovery requests. The statute of limitations expired July 31, 1990—one year after the last day that VSI worked

on the project. VSI did not file a timely lawsuit, believing instead that the arbitration proceedings would resolve its claims. Sometime thereafter, Bridge again contacted VSI and repeated its position that there was no basis for arbitration between VSI and Bridge. Aetna was never a party to the arbitration proceedings.

On March 5, 1991, the arbitration panel awarded H & L $7,328.12 from Bridge and VSI $55,192.13 from H & L. The panel made no award from Bridge to VSI. VSI did not appeal the panel's decision. On the contrary, VSI moved to have the award confirmed, and used it to obtain a judgment against H & L in a separate proceeding. H & L was insolvent, and VSI attached and recovered the money awarded to H & L from Bridge.

On August 9, 1991, VSI filed a two-count complaint against Bridge and Aetna. Count I claimed entitlement to payment on the surety bond from Bridge as principal and Aetna as surety. Count II cited Maine Department of Transportation regulations and claimed that because Aetna failed to respond within sixty days to the written notice of claim that VSI sent in October, 1989, Aetna waived its right to contest its obligation to pay VSI. *See Maine Department of Transportation Standard Specifications—Highways and Bridges* § 103.05 (1988) (hereinafter "D.O.T. Spec.").

VSI moved for a partial summary judgment on Count II. Bridge and Aetna responded and also filed a motion for summary judgment contending *inter alia* that VSI had failed to file its action within the statutory deadline. The trial court denied VSI's motion and granted the motion by Bridge and Aetna. It held that VSI's action was barred by the statute of limitations. On appeal, VSI contends that the defendants are estopped to raise the statute of limitations defense.

Estoppel prevents a defendant from asserting the statute of limitations when the defendant has acted to induce the plaintiff to reasonably refrain from commencing timely legal action that the plaintiff otherwise would have taken. *Dugan v. Martel,* 588 A.2d 744, 746 (Me.1991); *Hanusek v.*

*Southern Maine Medical Ctr.,* 584 A.2d 634, 636 (Me.1990); *Townsend v. Appel,* 446 A.2d 1132, 1134 (Me.1982). On appeal from the grant of a motion for summary judgment, we view the record in the light most favorable to the non-moving party, and all facts asserted are accepted as true. *Hanusek,* 584 A.2d at 636. Estoppel, however, is a doctrine that should be "carefully and sparingly applied." *Milliken v. Buswell,* 313 A.2d 111, 119 (Me. 1973). It requires "clear and satisfactory proof." *Id.; see also Jack v. Department of Human Servs.,* 556 A.2d 1093, 1095 (Me. 1989). VSI offers no evidence of any action or omission by Aetna, and the evidence against Bridge is insufficient as a matter of law.

Bridge notified VSI that the arbitration would not settle any dispute between VSI and Bridge. Bridge had no duty to advise VSI as to what effect, if any, the arbitration proceeding would have on VSI's bond claim. *See MacKerron v. Downing,* 534 A.2d 359, 360–61 (Me.1987) (counsel owes no duty to notify party-opponent of fact of representation). In their best light, the affidavits and documentary evidence offered by VSI establish only that VSI tried to use the arbitration as a vehicle to perfect its claim against H & L. The exchange of discovery requests is a matter of course in any legal proceeding and will not support VSI's claim to estoppel. Information in Bridge's possession might have been relevant to VSI's claim against H & L. VSI might have had information relevant to Bridge's defense against H & L. There is simply no evidence that Bridge did anything to encourage VSI to believe that a lawsuit was unnecessary.

VSI's action is barred by the statute of limitations.

The entry is:

Judgment affirmed.

All concurring.