**Kathleen NUCCIO**

v.

**Luke NUCCIO.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1996.

Decided April 8, 1996.

Toby H. Hollander (orally), Lewiston, for Plaintiff.

Peter J. DeTroy, David P. Very (orally), Norman, Hanson & Detroy, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

■ Following Kathleen Nuccio's appeal to the First Circuit Court of Appeals from a summary judgment entered in the United States District Court (*Cohen, M.J.*) in favor of her father, Luke Nuccio, on the ground that Kathleen's claim alleging intentional infliction of emotional distress resulting from sexual abuse inflicted on her by her father was barred by the statute of limitations, the First Circuit, pursuant to 4 M.R.S.A. § 57 (1989) and M.R.Civ.P. 76B,[1] certified to this Court the following question of Maine law:

Does a showing that a plaintiff, who was the victim of childhood sexual abuse, suffered repressed memory as a result of a defendant's threats of violence and generally violent nature, her witnessing acts of violence by the defendant, and her fear of the defendant, provide a basis for the application of equitable estoppel so as effectively to toll the statute of limitations during the period that the plaintiff's memories remain repressed?

*Nuccio v. Nuccio*, 62 F.3d 14, 18 (1st Cir. 1995). For the reasons hereinafter set forth, we answer the question in the negative.

In December, 1993, Kathleen filed the present complaint against her father seeking compensatory and punitive damages for his alleged repeated, severe sexual abuse of her while she was a minor and under his control, custody and supervision alleged proximately to have resulted in her suffering extreme emotional distress and permanent psychological harm, including a mental illness that prevented her from appreciating the harm caused her or exercising her rights under the law. Further, Kathleen averred that Luke had threatened her life should she ever disclose his sexual abuse of her and that his actions were willful, intentional and malicious.

Following his answer alleging, *inter alia,* that Kathleen's action was barred by the statute of limitations, Luke filed a motion for a summary judgment. In response to that motion, Kathleen contended that the statute should be tolled either (1) because she suffered a mental illness, 14 M.R.S.A. § 853 (Supp.1995),[2] or (2) because Luke's threats of violence should equitably estop him from asserting a statutory bar to her action. In

1. 4 M.R.S.A. § 57 provides in pertinent part:

When it shall appear to the Supreme Court of the United States, or to any court of appeals or district court of the United States, that there are involved in any proceeding before it one or more questions of law of this State, which may be determinative of the cause, and there are no clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may certify any such questions of law of this State to the Supreme Judicial Court for instructions concerning such questions of state law, which certificate the Supreme Judicial Court sitting as a law court may, by written opinion, answer.

M.R.Civ.P. 76B details the procedures followed when such questions are certified.

2. 14 M.R.S.A. § 853 (Supp.1995) provides:

If a person entitled to bring any of the actions under sections 752 to 754, including section 752–C, and under sections 851, 852 and Title 24, section 2902 is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

support of her contention, Kathleen submitted the affidavit of James Maier, a psychiatrist, who had examined her in preparation for the instant litigation, stating that

> the threats connected with [Kathleen's] sexual abuse at the hands of [Luke], together with both the specific acts of violence towards her or in her presence, and the general violent nature of [Luke], and [Kathleen's] consequent conscious and unconscious fear, were substantial contributing factors causing the traumatic amnesia which both prevented her from remembering the sexual abuse and seeking a remedy before the amnesia was removed.

The following facts,[3] developed before the trial court, may be summarized as follows: Luke repeatedly sexually abused Kathleen, born on July 1, 1949, from the age of 3 to the age of 13 years. When Kathleen was approximately three years of age, Luke drowned kittens and killed the family dog in her presence. When she was approximately five or six, he forced her head down the opening in the toilet of an outhouse. The single threat to Kathleen's life occurred when she was ten years of age, when Luke held a sharp chisel to her throat and threatened that if she ever told anyone of the abuse, he would cut her throat. Throughout her childhood, Kathleen suffered frequent beatings and verbal abuse by Luke, with the last beating occurring when she was 17 years of age and requiring surgery to her ear.

Kathleen graduated from high school in the top 15% of her class, received a bachelor's degree in 1972, a master's degree in social work in 1973 and a doctorate in 1987. She has, since 1973, held a variety of professional posts, including that of a college professor, a caseworker, a research associate and a consultant. Kathleen has also purchased three homes at various times either alone or with a domestic partner, paid her monthly bills, purchased automobiles, written and published scholarly articles, worked on political campaigns, and participated in intimate relationships. Since 1970, Kathleen has been treated on both an inpatient and outpatient basis for numerous psychological afflictions including depression, multiple personality disorder and post traumatic stress disorder. She cites stress or workplace pressure, depression and mental illness as reasons for leaving various positions and the discontinuance of consulting assignments in 1993. Since April, 1994, she has been on medical leave from her tenured position as an associate professor at the University of Minnesota. Kathleen repressed all memory of her father's abuse until some time after April, 1992, when a dream about her father began the process of her recalling the memories of her childhood.

The trial court determined that Kathleen's history did not generate a factual issue as to whether she suffered from "an overall inability to function in society," as required to constitute a mental illness within the purview of 14 M.R.S.A. § 853, and that equitable estoppel was unavailing to bar Luke from asserting the statute because his threats "ceased to be effective once the plaintiff was no longer living with the defendant and otherwise under his control." From the summary judgment entered in favor of Luke, Kathleen appealed to the First Circuit, challenging the trial court's determination that no triable issue existed as to whether equitable estoppel should prevent Luke from asserting the statute of limitations. Finding no clearly controlling precedent, the First Circuit certified the question to this Court. Because the material facts are not in dispute and our answer may be determinative of it, "the requirements of our acceptance of the question[ ] have been met and our exercise of jurisdiction is proper." *Lovell v. One Bancorp,* 614 A.2d 56, 57 (Me.1992) (citations omitted).

■ As the party pleading the statute of limitations as an affirmative defense, M.R.Civ.P. 8(c), Luke has the burden of establishing the expiration of the limitations period following the date on which Kathleen's cause of action accrued. *Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 540 A.2d 1112, 1113 (Me.1988) (citing 1 Field, McKusick &

---

**3.** Luke concedes that the allegations of the complaint may be taken as true only for the purpose of his motion for a summary judgment.

Wroth, *Maine Civil Practice* § 8.7 at 199 (2d ed. 1970)). Section 752 of Title 14 requires that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards." The undisputed facts developed before the trial court establish that the last incident of sexual abuse inflicted on Kathleen by Luke occurred approximately 31 years prior to the filing of the present complaint and that the sexual abuse and nonsexual abuse and threats had occurred during her minority. Accordingly, the provisions of 14 M.R.S.A. § 853 extend the accrual date of her cause of action to October 1, 1969, the date the age of majority was reduced to 20 years.[4] Because Kathleen failed, however, to file her claim within six years after she attained the age of majority and because no other statutory provision applies to toll the limitation of the statute,[5] her claim must be barred unless the trial court erred by its determination that Kathleen failed to generate a genuine issue of material fact on the issue of estoppel that would preclude Luke's entitlement to a judgment as a matter of law. *Hanusek v. Southern Maine Medical Center*, 584 A.2d 634, 636 (Me.1990) (citing *Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983)).

■ "In reviewing the grant of a motion for a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the trial court committed an error of law." *Enerquin Air, Inc. v. State Tax Assessor*, 670 A.2d 926, 928 (Me.1996) (quoting *Dubois v. City of Saco*, 645 A.2d 1125, 1127 (Me. 1994)).

■ As did the plaintiff in *Dasha v. Maine Medical Center*, 665 A.2d 993 (Me.1995), Kathleen contends that, based on principles of equitable estoppel, the defendant should be barred from raising the statute of limitations as an affirmative defense because the defendant's conduct made her incapable of asserting her legal rights. In *Dasha*, we

again stated the nature of the doctrine of equitable estoppel and the criteria for its applicability:

> The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which actually induces the plaintiff not to take timely legal action on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant by failing to seek legal redress while the doors to the courthouse remain open to him. Only upon a demonstration that the plaintiff had in fact intended to seek legal redress on his claim during the prescriptive period can his failure to file suit be specifically attributed to the defendant's conduct.

*Id.* at 995 (quoting *Townsend v. Appel*, 446 A.2d 1132, 1134 (Me.1982)). We have stated repeatedly that "[e]quitable estoppel is a doctrine that should be carefully and sparingly applied," *id.* (quoting *Vacuum Sys. Inc. v. Bridge Constr. Co.*, 632 A.2d 442, 444 (Me. 1993) (quoting *Milliken v. Buswell*, 313 A.2d 111, 119 (Me.1973))), and requires "clear and satisfactory proof." *Vacuum Systems*, 632 A.2d at 444. This caution is well justified in balancing the need to provide equitable remedies when appropriate with the need to "provide potential defendants with the assurance of eventual repose from claims made stale by the passage of time." *Maine Medical Center v. Cote*, 577 A.2d 1173, 1176 (Me. 1990) (citing *Langevin v. City of Biddeford*, 481 A.2d 495, 498 (Me.1984); *Myrick v. James*, 444 A.2d 987, 995 (Me.1982)). "Statutes of limitation are statutes of repose and ... should be construed strictly in favor of the bar which it was intended to create and not liberally in favor of a promise, acknowledgment or waiver." *Duddy v. McDonald*, 148 Me. 535, 538, 97 A.2d 445, 446 (1953) (citation omitted). *See also Hird v. Bath Iron Works Corp.*, 512 A.2d 1035, 1037 (Me. 1986) ("The general purpose of statutes of limitations is to provide eventual repose for potential defendants and to avoid the necessi-

---

4. P.L.1969, ch. 433, § 6 (effective October 1, 1969), which repealed and replaced former 1 M.R.S.A. § 72(11), reduced the age of majority from 21 years to 20 years.

5. Kathleen does not press, as she did before the trial court, her claim that she suffered from a

mental illness sufficient to toll the statute. *See McAfee v. Cole*, 637 A.2d 463, 466 (Me.1994). ("Mental illness under the tolling statute refers to an *overall inability* to function in society that prevents plaintiffs from protecting their legal rights.")

ty of defending stale claims.") (quoting *Langevin*, 481 A.2d at 498).

Although in *Dasha* the conduct alleged to form the basis for equitable estoppel was not alleged to have been willful or intentional, the principles derived from that decision are instructive. In *Dasha* we held that the unintended consequence (i.e., Dasha's inability to initiate legal action) of Maine Medical Center's wrongful conduct (i.e., negligent diagnosis leading to radiation treatment of Dasha's brain) did not "meet the elements of equitable estoppel." *Dasha*, 665 A.2d at 995. We noted the importance of the fact that "Dasha relied on the misdiagnosis to seek radiation treatments, but he did not rely on a representation of MMC to decide to forego seeking legal redress." *Id.* Here, the record discloses that Luke intended by his threat to keep Kathleen from telling anyone of his abusive conduct. The traumatic amnesia alleged to have resulted from these threats, however, was an unintended consequence of this willful conduct. It cannot be said on these facts that the duress, if any, continued beyond the period of time Kathleen was under Luke's control.

Although equitable estoppel was not at issue, we have previously addressed whether the limitation period provided in 14 M.R.S.A. § 752 should be tolled for that period during which a victim of childhood sexual abuse repressed all memory of the abuse. *McAfee v. Cole*, 637 A.2d 463 (Me.1994). In rejecting the plaintiff's claim that the period for filing a complaint should be extended until the abuse is recalled by the plaintiff, we noted that the Legislature in 1991 amended section 752–C to provide in pertinent part:

> Actions based upon sexual intercourse ... or a sexual act ... with a person under the age of majority must be commenced within 12 years after the cause of action accrues, or within 6 years of the time the person discovers or reasonably should have discovered the harm, whichever occurs later.

14 M.R.S.A. § 752–C (Supp.1995). The Legislature explicitly limited the scope of this amendment to:

> 1. All actions based upon sexual intercourse or a sexual act occurring after the effective date of this Act; and
> 2. All actions for which the claim has not yet been barred by the previous statute of limitations in force on the effective date of this Act.

P.L.1991, ch. 551, § 2. In the face of such an explicit limitation, we declined "to announce a judicially crafted discovery rule applicable to the predecessor of section 752–C." *McAfee*, 637 A.2d at 466. We determined that McAfee's claims, despite the fact that his memory of the abuse was repressed, accrued on the date he reached his majority and not when he "discovered" the abuse on regaining his memory. *Id.*

■ Kathleen attempts to distinguish her claim from that asserted by McAfee by arguing that McAfee's repression was the result of sexual abuse, not the result of intentional and willful threats and violence. The gist of her argument is that, because conduct prior to October 1, 1969, sufficient to invoke equitable estoppel caused her repression, it is as if Luke had threatened her continuously from the date of this conduct to the time when she regained her memory and filed the present action. We disagree. Whether the alleged repressed memory results from willful violent conduct, as here, or willful sexual conduct as in *McAfee*, the victim's claims accrue at the time of the alleged abuse or when the victim reaches the age of majority. *McAfee*, 637 A.2d at 466.

There is no evidence in this record that Luke continued to utter threats or display violence toward Kathleen when, by reason of her majority, she was no longer under his control. Accordingly, the fact that she suffered repressed memory as a result of the previously imposed violent conduct does not at this time equitably estop Luke from invoking the statute of limitations. *See Overall v. Estate of Klotz*, 52 F.3d 398, 400 (2d Cir. 1995) ("Because her father stopped abusing her in 1949, Overall was subjected to a 'continuous wrong' only until 1949, regardless of whether she suffered amnesia as a result of that abuse.")

We answer the question in the negative.

All concurring.