Charles **FRENCH** and George Lewis, Plaintiffs,

v.

**BATH IRON WORKS CORPORATION,** Defendant.

No. Civ. 98–17–P–C.

United States District Court, D. Maine.

April 14, 1999.

Jeffrey Neil Young, McTeague, Higbee, Macadam, Case, Watson & Cohen, Topsham, ME, for plaintiffs.

Mark L. Healey, Brian L. Champion, Tracey G. Burton, Jeffrey W. Peters, Preti, Flaherty, Beliveau, Pachios, & Haley, LLC, Bath, ME, for defendant.

**MEMORANDUM OF DECISION AND ORDER**

GENE CARTER, District Judge.

Plaintiffs Charles French and George Lewis filed a five-count Complaint against Bath Iron Works, Corp. ("BIW") on January 20, 1999 (Docket No. 1). Counts I and II of the Complaint allege that BIW terminated Plaintiffs' employment in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 *et seq.* (the "ADEA"), and the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.* (the "MHRA"). In Counts III, IV, and V, Plaintiff French alleges that BIW discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C.A.

§ 12101 *et seq.* ("the ADA"), the Rehabilitation Act, 29 U.S.C.A. § 794, and the Maine Human Rights Act, 5 M.R.S.A § 4572, because he was diagnosed with cancer.

Before the Court is Defendant BIW's Motion for Partial Summary Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) ("Motion for Partial Summary Judgment") (Docket No. 53).[1] Plaintiffs French and Lewis did not oppose BIW's motion for leave to file a Motion for Partial Summary Judgment (Docket No. 55) despite the fact that the motion deadline had passed. *See* Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment on the Pleadings at 2. Accordingly, the Court granted BIW leave to file the Motion for Partial Summary Judgment on April 9, 1999 (Docket No. 55).

## DISCUSSION

BIW's Motion for Partial Summary Judgment raises a narrow legal question and does not require the Court to resolve issues of fact. Accordingly, the Court will not set forth the factual background that gave rise to the suit. In their Complaint, Plaintiffs allege age discrimination claims under the ADEA and the MHRA based upon disparate treatment and disparate impact theories. Through its motion, BIW seeks to dismiss the federal- and st ate-law-age-discrimination claims insofar as they seek recovery pursuant to a disparate impact theory.

### 1. The ADEA.

On January 27, 1999, this Court denied BIW's motion for summary judgment that was based on the same theory advanced here—that the ADEA does not allow age-based disparate impact claims. *See* Order (Docket No. 45). However, BIW has brought to the Court's attention that the United States Court of Appeals for the First Circuit ruled on January 13, 1999, that disparate impact claims in age discrimination cases are not cognizable under the ADEA. *See Mullin v. Raytheon Co.,* 164 F.3d 696, 703–04 (1st Cir.1999). In *Mullin v. Raytheon Co.,* after an examination of the language in the majority and concurring opinions in the Supreme Court's decision in *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), the text and structure of the ADEA as compared with Title VII, the legislative history of the ADEA, and the 1991 amendments to the ADEA, the Court of Appeals for the First Circuit joined the majority of the courts of appeals which have held that the ADEA does not impose liability under a theory of disparate impact. *See* 164 F.3d at 700–04.

Plaintiffs contend that *Mullin* was wrongly decided and urge the Court to part ways with the United States Court of Appeals for the First Circuit and adhere to the rulings by courts in other circuits that hold that the ADEA permits disparate impact claims in age discrimination cases. Despite this Court's earlier decision that Congress intended disparate impact claims to be permitted under the ADEA, the Court is bound by the law of this Circuit. *See Caron v. Scott Paper Co.,* 834 F.Supp. 33, 36–38 (D.Me.1993). Because the United States Court of Appeals for the First Circuit has unequivocally held that the disparate impact theory of recovery is not permitted for claims under the ADEA, the Court will grant BIW's Partial Motion for Summary Judgment on the ADEA claim (Count I) insofar as it seeks relief pursuant to a disparate impact theory.

---

1. Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings within such time as not to delay the trial. The rule provides that:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Federal R.Civ.P. 12(c).

## 2. The MHRA.

Having determined that a disparate impact cause of action is not available under the ADEA, the Court must determine whether the disparate impact theory is available for recovery on an age discrimination claim under the MHRA. As discussed below, the Law Court has not taken a position in regard to the viability of disparate impact claims under the MHRA and, thus, it is the duty of Court to " 'vaticinate how the state's highest tribunal would resolve matters.' " *Mullin*, 164 F.3d at 705 (citing *Moores v. Greenberg*, 834 F.2d 1105, 1107 (1st Cir.1987)).[2]

In evaluating the Massachusetts antidiscrimination statute, Mass.Gen.Laws Ch. 151B, the court in *Mullin* held that the case law did not support the conclusion that disparate impact was cleared for use in all instances arising under Chapter 151B, *see Mullin*, 164 F.3d at 704, and ultimately concluded that it was not available in an age discrimination claim under Chapter 151B. Of importance to that court's reasoning was the fact that, under Chapter 151B, the age provision is separate from the provisions proscribing other forms of discrimination. *See id.* at 705. The court reasoned that the structure of the statute suggests that the legislature meant the age provision to be interpreted independently of the sections governing other types of discrimination. *See id.* at 704. According to the *Mullin* court, it followed that the fact that the Massachusetts Supreme Judicial Court had held that disparate impact claims were permitted for sex and race discrimination was not dispositive of the viability of such claims in age discrimination cases. The court reasoned that the Massachusetts Supreme Judicial Court ("SJC") would interpret separate provisions independently and that, "when confronted with employment discrimination claims of novel impression, the SJC tends to rely on federal court interpretations of analogous federal statutes." *Id.* Thus, in keeping with its holding that disparate impact claims are not available under the ADEA, the court held that age discrimination claims under Chapter 151B

---

**2.** The Court considered certifying the question presented by BIW's motion to the Supreme Judicial Court. In Maine, certification to the Supreme Judicial Court is authorized by 4 M.R.S.A. § 57, which provides in relevant part:

> When it shall appear to the Supreme Court of the United States, or to any court of appeals or district court of the United States, that there are involved in any proceeding before it one or more questions of law of this State, which may be determinative of the cause, and there are not clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may certify any such questions of law of this State to the Supreme Judicial Court for instructions concerning such questions of state law, which certificate the Supreme Judicial Court sitting as a law court may, by written opinion, answer.

*See also* M.R.Civ.P. 76(B)(a). Under section 57, this Court may certify a question of state law to the Supreme Judicial Court if it finds that there is no clear, controlling state-law precedent. *See Nuccio v. Nuccio*, 62 F.3d 14, 17 (1st Cir.1995). In addition, certification is appropriate only if there is no dispute as to the material facts, and the Supreme Judicial Court's answer to the proposed state-law question will, "in at least one alternative, be determinative of" the federal cause. *Lovell v. One Bancorp.*, 614 A.2d 56, 57 (Me.1992).

It is unclear whether the Law Court would or would not intend that a disparate impact theory of recovery be available in age discrimination cases. There is no controlling state-law precedent on this question. Furthermore, there is no dispute as to material facts that must be resolved prior to answering the certified question. Nonetheless, this question, due to its posture in the present case, is not certifiable under state law to the Law Court. The statute and the rule governing certification in the state of Maine require that the Supreme Judicial Court's answer to the proposed state-law question will, "in at least one alternative be determinative of the federal cause." *See* 4 M.R.S.A. § 57; M.R.Civ.P. 76(B). Here, resolution of whether the disparate impact theory of recovery is available under the MHRA will not be "determinative of the cause." Plaintiffs would still be free to pursue the age discrimination claim pursuant to their disparate treatment theory. Accordingly, the Court cannot certify the question raised by this case to the Maine Supreme Judicial Court.

"cannot be grounded solely on a theory of disparate impact." *Id.*

Although age is set out separately under Chapter 151B and the federal employment discrimination scheme (Title VII and the ADEA) from the other categories of discrimination, under the MHRA, age is in the same section as the other categories of discrimination. *See* 5 M.R.S.A § 4572. Plaintiffs contend that MHRA's structural design indicates that the legislature intended age to be treated on par with the other types of discrimination proscribed by the statute. It follows, according to Plaintiffs, that because the Law Court has permitted disparate impact claims for sex discrimination, the Law Court would decide that they are permitted in age discrimination cases as well. The Court disagrees and finds that the fact that age is included in the same statutory section as the other forms of discrimination proscribed by the statute is not dispositive of the question at hand.

Plaintiffs cite *Maine Human Rights Commission v. City of Auburn,* 408 A.2d 1253 (Me.1979), a sex discrimination case, for the proposition that disparate impact claims are permitted under the MHRA for all types of discrimination. In *City of Auburn,* relying on federal precedent, the Law Court mentioned that recovery pursuant to a disparate impact theory was viable in sex discrimination cases under the MHRA. *See City of Auburn,* 408 A.2d at 1263, 1264–65. Age discrimination was not alleged in the case and, although the Law Court certainly did not foreclose the disparate impact theory from use in an age discrimination claim, there is no indication that the Law Court intended disparate impact claims to be available in age discrimination cases.

In Plaintiffs' next cited case, *Maine Human Rights Commission v. Dept. of Corrections,* 474 A.2d 860, 863 (Me.1984), a Department of Corrections employee claimed that her employer had discriminated against her because of her sex and age in hiring persons for the position of Juvenile Court Intake Worker. The superior court dismissed the plaintiff's disparate impact and disparate treatment claims. In that case, the Law Court did not address whether a disparate impact age discrimination cause of action was available under the MHRA and affirmed the superior court's dismissal of the disparate impact sex and age discrimination claims because of plaintiff's failure to present a *prima facie* case on either claim. *See id.* at 863–64, 865–66. The superior court's Order had not stated whether it found the defendant guilty of sex discrimination or of age discrimination. *See id.* at 864 n. 4. Although the Law Court did not hold that the disparate impact theory was not available under the MHRA for age discrimination claims, it did not address the question. Of further import is that the decision was handed down long before the Court of Appeals for the First Circuit provided federal guidance as to the issue of the availability of the claim.

What the Court finds more persuasive then the MHRA's structural design and the case law cited by Plaintiffs is the Law Court's commitment to interpreting the MHRA in the same manner as did its federal statutory counterparts. In *Maine Human Rights Commission v. Kennebec Water Power Co.,* 468 A.2d 307, 310 (Me. 1983) (citation omitted), the Law Court stated that "[t]o the extent that there exists an identity of purpose and objectives as between the Maine and federal provisions, reference to the latter in construing the former is entirely appropriate." The Law Court has consistently referred to cases interpreting the ADEA when evaluating whether a plaintiff may recover under the MHRA. *See Winston v. Maine Technical College Sys.,* 631 A.2d 70, 74–75 (Me.1993), *cert. denied,* 511 U.S. 1069, 114 S.Ct. 1643, 128 L.Ed.2d 364 (1994); *Percy v. Allen,* 449 A.2d 337, 342 (Me.1982); *Wells v. Franklin Broadcasting Corp.,* 403 A.2d 771, 773 n. 4 (Me.1979); *City of Auburn,* 408 A.2d at 1261; *Maine Human Rights Comm'n v. Local 1361, United Pa-*

*perworkers International Union AFL–CIO,* 383 A.2d 369, 374 (Me.1978). This Court has likewise held that the judicial construction of federal antidiscrimination law is persuasive authority for the interpretation of the MHRA. *See Graffam v. Scott Paper Co.,* 870 F.Supp. 389, 405 (D.Me.1994); *Braverman v. Penobscot Shoe Co.,* 859 F.Supp. 596, 606 (D.Me. 1994); *Caron,* 834 F.Supp. at 35 n. 2; *Harris v. International Paper Co.,* 765 F.Supp. 1509, 1511 (D.Me.1991). Accordingly, the Law Court, when confronted with age discrimination claims requiring the interpretation of the MHRC's substantive provisions, relies on federal court interpretations of the ADEA for guidance.

Notwithstanding this authority, Plaintiffs insist that the MHRA should be interpreted to include disparate impact age discrimination claims. First, Plaintiffs present *Kennebec Water Power Co.,* 468 A.2d at 310, where the Law Court reversed the superior court's holding that the MHRA, like its federal counterpart, protected only individuals aged 40–70 and held that under the MHRA, all ages were protected against discrimination. Plaintiffs argue that this case demonstrates that the Law Court would interpret the MHRA as broader than the ADEA to include a disparate-impact-age-discrimination theory of recovery where the ADEA does not. Plaintiffs also contend that the 1997 amendments to the MHRA demonstrate that age should be treated the same as other types of discrimination under the MHRA. In 1997, the Maine legislature amended the MHRA to provide that victims of all of the protected types of discrimination are entitled to compensatory and punitive damages between $50,000 and $300,000 depending on the size of the employer. *See* 5 M.R.S.A § 4613(B)(8)(e); 1997 P.L. ch. 400. Under the federal law, different damages are available for discrimination proscribed under Title VII (race, sex, national origin) than are available in age discrimination cases. *Compare* 42 U.S.C.A. § 2000e–5 and 29 U.S.C.A. § 626. Plaintiffs contend that the juxtaposition of the treatment of damages under the MHRA and their treatment under federal law demonstrates the Maine legislature's intent to treat all types of discrimination proscribed under the MHRA the same. It follows, according to Plaintiffs, that because disparate impact claims are permitted for sex discrimination, they should also be permitted in age discrimination cases. The Court disagrees with both of Plaintiffs' arguments.

As mentioned above, in *Kennebec Water Power,* the Law Court reaffirmed that, in construing the MHRA, courts should look to federal statutory counterparts. The court then explained that its diversion from the ADEA in that case was because the ADEA included a provision limiting its protection to a certain age group, where the MHRA did not. The court stated that where "the provisions of the Maine statute differ substantively from their federal counterparts ... deference to construction of the federal version is unwarranted." *Id.* Thus, that court declined "to superimpose a limitation [to the MHRA] which does not appear on the face of the statute." *Id.* Accordingly, the *Kennebec Water Power* decision stands for the proposition that, in situations where the ADEA has a delineated limitation that the MHRA does not, the Law Court may choose not to rely on cases interpreting that provision of the ADEA so as to read the same limitation into the MHRA.

■ Though the Law Court may interpret the MHRA more broadly than the ADEA has been interpreted where the statutes differ in their plain language and the issue does not concern the definition of the rights that the statute confers, where "there exists an identity of purpose in objectives as between the Maine and federal provisions, reference to the latter in construing the former is entirely appropriate." *Percy,* 449 A.2d at 342. The *Kennebec Water Power* decision does not go as far, as Plaintiffs suggest, as to foreclose reference to the ADEA and its case law

when interpreting the substance of the MHRA. In fact, the reasoning in *Kennebec Water Power* provides insight into the question of under what circumstances, when interpreting the MHRA, it is, in fact, appropriate to refer to federal law interpreting the ADEA. In light of *Kennebec Water Power Co.*, the Court reasons that it is proper to refer to cases interpreting the ADEA when determining the general purpose, substance, and scope of recovery available under the MHRA. This principle is reinforced by *City of Auburn* where the Law Court adopted the burden-shifting analysis developed by the Supreme Court under Title VII in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, the Law Court stated:

> Over the years the federal cases have formulated a special methodology for evaluating the evidence introduced in cases alleging unlawful employment discrimination. As we have previously held, the Maine legislature by adopting provisions that generally track the federal antidiscrimination statutes intended the courts to look to the federal case law to "provide significant guidance in the construction of our statute."

408 A.2d at 1261 (citing cases). The Law Court has clearly indicated its predilection for following federal law in regard to the evaluation of evidence under the MHRA.

█ In *Mullin*, the United States Court of Appeals for the First Circuit, relying on the discussion of the ADEA in the Supreme Court's opinion in *Hazen Paper*, concluded that the implication of that opinion is that disparate impact liability would not address the evils that Congress was attempting to purge when it enacted the ADEA. *See Mullin*, 164 F.3d at 701. Thus, the question of whether a disparate impact theory of recovery is permitted in

an age discrimination case goes to the purpose, substance, and scope of recovery available under the MHRA. Whether the disparate impact analysis is available to evaluate the evidence in age discrimination cases is the type of question that the Law Court would answer by adhering to federal principles. Moreover, the question relates to the evaluation of evidence in discrimination cases. Consequently, in light of *Kennebec Water Power and City of Auburn*, the Court concludes that whether or not a disparate impact theory of recovery is available under the MHRA in age discrimination cases is the type of question that the Law Court would answer by reference to cases interpreting the ADEA.[3]

The Court concludes that, when faced with the question of whether disparate impact claims are permitted under the MHRA in age discrimination cases, the Law Court will likely look to the federal courts' interpretation of the ADEA and hold that an age discrimination claim cannot be grounded solely on a theory of disparate impact. Thus, the Court will grant BIW's Motion for Partial Summary Judgment on the MHRA claim (Count II) insofar as it seeks relief pursuant to a disparate impact theory.

Accordingly, the Court **ORDERS** that BIW's Motion for Partial Summary Judgment (Docket No. 53) be, and it hereby is, **GRANTED.**

---

**3.** Plaintiff also argues that because the Maine legislature has not amended the MHRA in the time since this Court's decision in *Caron*, 834 F.Supp. 33—that the disparate impact theory of age discrimination *is* available under the MHRA—was published, the legislature intends that disparate impact claims are permitted under the MHRA. The Court is not persuaded that the inaction on the part of the legislature, standing alone, should be interpreted as conclusive that it permits disparate impact claims in age discrimination claims.