1997 ME 207

**Dawn Fitzgerald HARKNESS**

v.

**Lawrence FITZGERALD, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1997.

Decided Oct. 21, 1997.

Edwin P. Chester (orally), Chester & Vestal, John J. Connolly, Portland, for Plaintiff.

Edward A. Brown (orally), Brunswick, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Dawn Fitzgerald Harkness appeals from orders entered in the Superior Court (Cumberland County) dismissing her claims for assault and battery (*Bradford, J.*) and granting a summary judgment in favor of defendants Lawrence Fitzgerald and Kathleen Fitzgerald with regard to her claims for negligent and intentional infliction of emotional distress. (*Calkins, J.*). In each instance, the court's ruling was premised on the statute of limitations. On appeal, plaintiff asks that we adopt a discovery rule for sexual abuse claims. Alternatively, she argues that she generated a genuine issue of material fact with respect to conduct that would toll the statute of limitations on the basis of fraudulent concealment. Finding no error, we affirm the judgments.

[¶ 2] The pleadings and facts as developed for purposes of the summary judgment may be summarized as follows: Beginning in 1963, when plaintiff was two years old, and continuing until 1977, she was allegedly subjected to physical and sexual abuse by Lawrence Fitzgerald, her father. She alleges that he also ridiculed, humiliated, and belittled her. She alleges that during this same period of time, her mother, Kathleen Fitzgerald, allowed the abuse to occur and often blamed plaintiff.

[¶ 3] In 1977, plaintiff reported an incident of abuse to her high school guidance counselor, who, in turn, reported the incident to the Department of Human Services. After being taken into the custody of the State and removed from her home, plaintiff recorded on tape her observations and thoughts concerning the abuse perpetrated by her father. Plaintiff never returned to her parents' home. She attained her majority in 1979, and ten years later she allegedly awoke from her sleep gagging with her first conscious memory of her father's sexual abuse. In 1995, plaintiff commenced this action for assault and battery against her father and for negligent and intentional infliction of emotional distress against both parents. With respect to the statute of limitations, she alleged that she did not discover the sexual abuse until 1989, and that, although she had always been conscious of the acts of physical

and emotional abuse, her parents fraudulently concealed from her the fact that she had a cause of action against them. The Superior Court found that the entire action is barred, and plaintiff appeals.

[¶ 4] The plaintiff first asks us to adopt a judicially crafted discovery rule.[1] Within recent years, we have declined similar requests in sexual abuse cases, *see Nuccio v. Nuccio*, 673 A.2d 1331 (Me.1996) and *McAfee v. Cole*, 637 A.2d 463 (Me.1994), and plaintiff offers no compelling reason to reexamine our carefully considered precedent.

[¶ 5] Plaintiff next argues that the court erred in ruling as a matter of law on her claim pursuant to 14 M.R.S.A. § 859 (Supp.1996)[2] that her action was timely, if brought within six years of the date on which she discovered the cause of action fraudulently concealed from her by her parents. We review the Superior Court's entry of summary judgment "for errors of law, viewing the evidence in the light most favorable to the party against whom the summary judgment was entered." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "The judgment will be upheld if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Id.* "To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." *Id.* "Statutes of limitation are statutes of repose and ... should be construed strictly in favor of the bar which it was intended to create and not liberally in favor of a promise, acknowledgement or waiver." *Nuccio v. Nuccio*, 673 A.2d 1331, 1334 (Me.1996) (citations omitted).

The general purpose is "to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims." *Id.* (citations omitted).

[¶ 6] Section 859 extends the time for bringing an action by six years if the cause of action is fraudulently concealed, or the claim itself is grounded on fraud. *Akins v. Firstbank, N.A.*, 415 A.2d 567, 569 (Me.1980). In order for plaintiff to claim the benefit of the statute, she must establish either: (1) that defendants actively concealed material facts from her and that she relied on their acts and statements to her detriment; or (2) that a special relationship existed between the parties that imposed a duty to disclose the cause of action, and the failure of defendants to honor that duty. *H.E.P. Development Group, Inc. v. Nelson*, 606 A.2d 774, 775 (Me.1992).

[¶ 7] Plaintiff contends that she generated a genuine issue of material fact concerning her parents' fraudulent concealment of her cause of action for the infliction of emotional distress resulting from physical and emotional abuse. The elements of fraud are: (1) the making of a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purposes of inducing another to act upon it; and (5) justifiable and detrimental reliance by the other. *Grover v. Minette–Mills, Inc.*, 638 A.2d 712, 716 (Me.1994).

[¶ 8] Plaintiff suggests that although she had knowledge of the acts of abuse, her parents misrepresented those acts as punishment, knowing that the acts were not punishment, and doing so in order to prevent her from reporting the abuse. She maintains

---

1. Plaintiff's claims for assault and battery became untimely on April 23, 1981 (two years from her 18th birthday pursuant to 14 M.R.S.A. § 753 and 853 (1980)) and her claims for infliction of emotional distress expired on April 23, 1985 (six years from her 18th birthday) pursuant to 14 M.R.S.A. §§ 752 and 853 (1980). The discovery rule in 14 M.R.S.A. § 752–C for claims arising from sexual abuse was not enacted until 1989. Absent plaintiff's arguments for a judicially crafted discovery rule exception or for fraudulent concealment, plaintiff's claims do not fall within the discovery rule of 14 M.R.S.A. § 752–C or of 14 M.R.S.A. § 859.

2. 14 M.R.S.A. § 859 (Supp.1996) provides:

    If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580. The language "except as provided in section 3580" was added by P.L.1985, ch. 641, § 1 and is not relevant to this case.

that she justifiably relied on their misrepresentation. When viewed in the light most favorable to the plaintiff, the record developed for the purpose of the summary judgment motion fails to establish a prima facie case that plaintiff justifiably relied on defendants' misrepresentation. In 1977, at age 16, she voluntarily reported her father's abusive behavior to her guidance counselor. Court proceedings resulted in the appointment of a guardian ad litem, legal representation, counseling, and foster care. The record includes her 1977 recording in which she describes her parents' actions in terms reflecting her understanding that her father's actions could not be characterized as normal punishment. However he might have described his behavior, by 1977 plaintiff understood that she had been abused and ceased relying on any misrepresentation.

[¶ 9] Alternatively, plaintiff asserts that the parent and child relationship is a special relationship that requires the parents to disclose their wrongdoing. A confidential relationship exists when there is an "actual placing of trust and confidence in fact by one party in another and a great disparity of position and influence between the parties ... The mere fact of kinship, standing alone, does not require the conclusion that a confidential relationship existed." *Depositors Trust Co. v. Blanchard,* 377 A.2d 101, 103 (Me.1977) (citations omitted). As a general rule, parent and child relationships are based on trust, and plaintiff undoubtedly had a relationship based on trust at some point during her childhood. After she left her home in 1977 to live in foster care, she never again lived with her parents nor was she subject to their control. From that point on, there is no factual basis for the establishment of a special relationship that would support a finding of a duty to disclose. Plaintiff has failed to generate a genuine issue of material fact with respect to the active fraudulent concealment for failure to disclose the causes of action resulting from her parents' physical and emotional abuse.

[¶ 10] With respect to her claim for sexual abuse, she contends that her father's heinous sexual behavior caused her to repress her memory and resulted in the fraudulent concealment of the basis for her cause of action. Constructive fraud is not presented because the record contains no basis for concluding that the father's sexual abuse was perpetrated for the purpose of causing plaintiff to repress her memory. Moreover, his allegedly heinous behavior does not constitute a misrepresentation of fact necessary to support a finding of active fraudulent concealment of a cause of action.

The entry is:

Judgments affirmed.