STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

2003 FEB -5 A 10: 27

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-580
TDW-CUM- 2/5/2003

PATRICIA MCDERMOTT,

       Plaintiff

  v.

JAMES FARLEY,

       Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

FEB 12 2003

Before the court is defendant James Farley's motion for summary judgment on all four counts of the complaint.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See Handy Boat Service, Inc. v. Professional Services, Inc., 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (construing former Rule 7(d)). The facts must be considered in the light most favorable to the non-moving party. E.g., Panasonic Communications & Systems Co. v. State of Maine, 1997 ME 43, ¶10, 691 A.2d 190, 194. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Harkness v. Fitzgerald, 1997 ME 207 ¶ 5, 701 A.2d 370, 372.

At the outset, plaintiff Patricia McDermott concedes that she is not entitled to bring a separate claim for negligent infliction of emotional distress and that any recovery for emotional distress can only be had if she recovers on one of her other causes of action. Count III of the complaint will therefore be dismissed. The remaining counts of McDermott's complaint will be considered in turn..

Defamation (Count I)

The court concludes that, on this record, there are disputed issues of fact as to whether Farley communicated a false statement to the police about McDermott --- that she was trespassing on his family's land. See McDermott Rule 56 (h)(2) statement ¶ 12. Moreover, while a communication to a law enforcement officer is subject to a conditional privilege, there is a factual dispute as to whether Farley abused the privilege in this case if he made a statement that he knew to be false. See Restatement, Second, Torts §600.

In his reply memorandum, Farley raises for the first time the additional argument that McDermott cannot recover in any event because the imputation of a class E crime is not slander per se, see Restatement, Second Torts §571, comment f, and because McDermott has conceded at her deposition that she cannot demonstrate special harm within the meaning of Restatement, Second, Torts §575, comment b. While Farley's argument on damages may be meritorious, the court cannot grant summary judgment on this ground. First, this argument was first raised in Farley's reply memorandum, and McDermott has yet to be heard on this issue. Second, on a motion for summary judgment, the court is strictly limited to the issues raised in the Rule 56(h) statements. See, e.g., Levine v. R.B.K. Caly Corp., 2001 ME 77 ¶¶ 4, 9, 770 A.2d 653, 655, 656. The issue of special harm was not raised in Farley's Rule 56 (h) statement.

On this record, Farley's motion for summary judgment is denied as to McDermott's defamation claim.

Intentional Infliction of Emotional Distress (Count II)

Based on the summary judgment record, the court concludes that McDermott has not presented any evidence that generates a factual dispute for trial as to whether Farley's conduct was so extreme and outrageous as to exceed all possible bounds of decency in a civilized society. As noted above, the court's review on this issue is limited to the Rule 56(h) statements submitted by the parties. See Levine v. R.B.K. Caly Corp., 2001 ME 77 ¶9, 770 A.2d at 656 (court not permitted to independently search the record). The pertinent portions of McDermott's Rule 56(h) statement recite only that Farley demanded that McDermott leave property where she had a right to be (McDermott Rule 56(h) statement ¶7), that Farley told officer Cox that McDermott was on Farley property (id. ¶12), that McDermott never went on Farley's property (id. ¶14), that Farley also claimed in a pleading submitted in this action that McDermott had blocked his driveway (id. ¶15), and that McDermott did not block the driveway. Id. ¶16.

This court has some doubt that it could find sufficient facts to support a claim of "extreme and outrageous conduct" by Farley even if it were permitted to search the record for itself. However, because the court is limited to the Rule 56(h) statements of the parties, this is not even a close question. In response to Farley's motion for summary judgment, McDermott was required to submit facts showing that there were disputed issues for trial on any element of her prima facie case that was challenged by Farley's summary judgment motion. E.g., Corey v. Norman Hanson & DeTroy, 1999 ME 196 ¶9, 742 A.2d 933, 938. In light of her failure to demonstrate that there are

disputed issues for trial as to whether Farley engaged in extreme and outrageous conduct, summary judgment will be granted to Farley on count III.

Malicious Prosecution (Count IV)

On this claim the court agrees with Farley that McDermott is required to demonstrate that there are factual issues for trial both as to the absence of probable cause and as to the existence of an improper motive on Farley's part. See Restatement, Second, Torts § 653.

On this record McDermott has not proffered any evidence that could create a factual dispute with respect to the existence of an improper motive. This is evident from the discussion above with respect to the factual allegations relating to Farley in McDermott's Rule 56(h) statement. As a result, summary judgment is granted to Farley on McDermott's malicious prosecution claim.

The malicious prosecution claim may also be subject to dismissal because, under the Restatement, malicious prosecution cannot be based on an illegal arrest. See Restatement, Second, Torts §654, comment e. It is undisputed that McDermott has successfully prosecuted a false arrest claim against Officer Cox and the Town of Windham. See Farley's Rule 56 (h) Statement ¶¶ 9-10. Under principles of judicial estoppel, McDermott – having prevailed on a false arrest claim – cannot now contend that she was subjected to a lawful arrest maliciously instigated by Farley. See New Hampshire v. Maine, 121 S.Ct. 1808, 1814-15 (2001). Assuming that the Law Court would follow comment e of the Restatement of Torts § 654, therefore, this is an alternative basis to dismiss McDermott's malicious prosecution claim.

The entry shall be:

Defendant's motion for summary judgment is denied as to count I of the complaint but granted as to counts II, III and IV. Counts II, III and IV are therefore dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 4, 2003

Thomas D. Warren
Justice, Superior Court

LEE BALS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101

ATTORNEY FOR PATRICIA MCDERMOTT


DANIEL MITCHELL ESQ
PO BOX 9729
PORTLAND ME 04104

ATTORNEY FOR JAMES FARLEY