STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-463

ELIZABETH BENNETT,

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUN 0 5 2003

RECEIVED

Plaintiff

v.

ORDER

MAINE ACADEMY OF
GYMNASTICS, INC.,

Defendant

MAINE ACADEMY OF
GYMNASTICS, INC.,

Third-Party Plaintiff,

v.

DONALD L. GARRECHT
LAW LIBRARY

JUN 17 2003

FRANCIS L. DEAN &
ASSOCIATES, INC.,

Third-Party Defendant,

Before this court is the Third-Party Plaintiff's Motion to Amend its Third-Party Complaint pursuant to M.R.Civ.P. 15(a), and the Third-Party Plaintiff's Motion to Compel Discovery pursuant to M.R.Civ.P. 37(a).

**Motion to Amend Third-Party Complaint**

The Rules of Civil Procedure state, "a party may amend the party's pleading only by leave of court . . . ; and leave shall be freely given when justice

1

so requires." M.R.Civ.P. 15(a). However, this court need not grant a motion to amend if the proposed amendment fails to state a claim upon which relief can be granted. See Glynn v. City of S. Portland, 640 A.2d 1065, 1067 (Me. 1994).

Does the addition of Count II in the Amended Third-Party Complaint, essentially an intentional misrepresentation or fraud claim, state a cause of action? The elements of fraud consist of the following: "'(1) the making of a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purposes of inducing another to act upon it; and (5) justifiable and detrimental reliance by the other.'" Brawn v. Oral Surgery Assocs., 2003 ME 11, ¶21, 819 A.2d 1014, ___ (quoting Harkness v. Fitzgerald, 1997 ME 207, ¶ 7, 701 A.2d 370, 372).

Before deciding whether the Third-Party Plaintiff alleged the above elements in its Amended Complaint the court must first determine whether a fiduciary or a confidential relationship existed between the parties. Brae Asset Fund, L.P. v. Adam, 661 A.2d 1137, 1140 (Me. 1995). The Law Court has defined the latter relationship as "'the actual placing of trust and confidence in fact by one party in another and a great disparity of position and influence between the parties to the relation.'" Moulton v. Moulton, 1998 ME 31, ¶5, 707 A.2d 74, 75 (quoting Estate of Mary Campbell, 1997 ME 212, ¶8, 704 A.2d 329, 331). Presumably the Third-Party Plaintiff, a gymnastics school, trusted the Third-Party Defendant, an out-of-state insurance agent, because it specialized in providing liability insurance coverage. Hence, for purposes of this motion, a confidential relationship existed between the parties.

In light of this type of special relationship between the parties, an allegation that the Third-Party Defendant intentionally, or actively, withheld

2

important information from the Third-Party Plaintiff and others is the equivalent of making a false representation. Binette v. Dyer Library Ass'n, 688 A.2d 898, 903 (Me. 1996). Such an ommission qualifies as material because in the present case the Third-Party Defendant did not provide notice to the Third-Party Plaintiff, pursuant to 24-A M.R.S.A. § 6099(2), about the risk of not being protected by Maine's insurance insolvency guarantee fund. Moreover, the court must accept as true for purposes of this motion that "[r]epresentatives of Third-Party Defendant have also admitted that Third-Party Defendant was required to notify Third-Party Plaintiff that the coverage was not guaranteed." Defendant/Third-Party Pl. Maine Academy of Gymnastics, Inc.'s Am. Third-Party Compl. Against Francis L. Dean & Associates, Inc. ¶11; see also Napieralski v. Unity Church, 2002 ME 108, ¶13, 802 A.2d 391, 394 (stating in the dissent black letter law pertaining to a motion to dismiss). In other words, according to the Third-Party Plaintiff, the Third-Party Defendant knew that it failed to make disclosures pursuant to such statutes as 24-A M.R.S.A. § 6099(2).

The Third-Party Defendant allegedly orchestrated a scheme to fraudulently profit from their omissions, which can be interpreted to mean that the Third-Party Defendant induced the Third-Party Plaintiff via an ommission into signing up for a certain insurance policy. Furthermore, the Third-Party Plaintiff averred that it would not have procured insurance that was not guaranteed under a state insurance guaranty fund. In effect, the Third-Party Plaintiff justifiably relied on the Third-Party Defendant to comply with state and federal laws. When viewing the Amended Complaint as a whole it is reasonable to conclude that relief can be granted under facts the Third-Party Plaintiff may be able to prove. Napieralski, 2002 ME 108, ¶13, 802 A.2d at 394.

3

The Third-Party Defendant contends that it is prejudiced by adding Count II because the parties have conducted substantial discovery. However, at this point the Third-Party Plaintiff and the Third-Party Defendant have not been deposed and additional discovery regarding intentional misrepresentation is not far removed from discovery pertaining to negligent misrepresentation.

**Motion to Compel Discovery**

The Third-Party Plaintiff has asked this court to compel the Third-Party Defendant to produce information as to whether it was the "routine practice" of the Third-Party Defendant to conceal statutorily mandated information from nationwide clients. M.R.Evid. 406. Is the information sought by the Third-Party Plaintiff "reasonably calculated to lead to the discovery of admissible evidence?" M.R.Civ.P. 26(b)(1).

The court is unconvinced that other states have laws similar to 24-A M.R.S.A. §6099(2). In addition, Title 15 U.S.C. 3902(a)(1)(I) may not be applicable because it pertains to risk retention groups, permitting, but not mandating, states to provide a notice similar to that in 24-A M.R.S.A. §6099(2). As a result, the court will allow the Third-Party Plaintiff to determine in which states the Third-Party Defendant may have sold similar insurance policies. If the Third-Party Plaintiff presents reliable evidence of a broad-ranging attempt to defraud other entities in states with a statute comparable to 24-A M.R.S.A. §6099(2), then the court will consider additional discovery requests.

WHEREFORE, the court **GRANTS** the Third-Party Plaintiff's Motion to Amend its Third-Party Complaint and **GRANTS** in part the Third-Party

4

Plaintiff's Motion to Compel Discovery to the extent that it compels the Third-Party Defendant to respond to Interrogatory No. 5, producing the identity and address of all members of the Youth Sports Association Purchasing Group as of March 17, 1998.

Dated: June___6___, 2003

Roland A. Cole
Justice, Superior Court

ELIZABETH BENNETT   - PLAINTIFF

Attorney for: ELIZABETH BENNETT
JAMES J MACADAM
MACADAM LAW OFFICES
208 FORE STREET
PORTLAND ME 04101


vs
MAINE ACADEMY OF GYMNASTICS, INC. - DEFENDANT

Attorney for: MAINE ACADEMY OF GYMNASTICS, INC.
DAVID VERY
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

FRANCIS L. DEAN & ASSOCIATES, INC. - THIRD PARTY DEFENDANT

Attorney for: FRANCIS L. DEAN & ASSOCIATES, INC.
JOHN PATERSON
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00463

**DOCKET  RECORD**