STATE OF MAINE                                        SUPERIOR COURT
Cumberland, ss.                                       Civil Action
                                                      Docket No. CV-04-158


SHELDON HARTSTONE, et al.,

            Plaintiffs

      v.                                              ORDER

CARL McCUE,

            Defendant


      Plaintiffs Sheldon Hartstone and Northeast Equities Associates Trust (collectively, "Hartstone") allege that they were injured by alleged improprieties that occurred in connection with a foreclosure sale on September 28, 1992. Hartstone contends that the improprieties in question were committed by Fleet Bank and by Recoll Management Corp, but that he was unable to secure redress against Fleet and Recoll because of legal malpractice committed by defendant Carl McCue. Before the court is McCue's motion for summary judgment on statute of limitations grounds.

      Specifically, Hartstone contends that McCue represented him in late 1992 and filed an action on his behalf on November 10, 1992 to block the delivery of a deed to the high bidder at the foreclosure sale. Hartstone v. Fleet Bank and Recoll Management Corp., Docket No. CV-92-480 (Superior Court, Penobscot County). After a motion for an ex parte TRO was denied, no service was ever made on defendants, and no further action was taken in the case.

      The docket sheet reflects that on January 12, 1995 notice was sent to McCue's office that a hearing would be held on February 2, 1995 as to whether CV-92-480 should be dismissed under M.R. Civ. P. 41(b). For purposes of summary judgment, there is

evidence from which it could be found that McCue's office received that notice and did not inform Hartstone. No one appeared at the hearing set for February 2, 1995, and the following day the Penobscot County Superior Court entered an order dismissing the action with prejudice. For purposes of summary judgment, there is evidence from which it could be found that McCue's office also received a copy of the court's order of dismissal and did not inform Hartstone.

Hartstone alleges that he had learned of the alleged improprieties with respect to the foreclosure sale in 1994, before CV-92-480 was dismissed. He subsequently commenced a lawsuit against Fleet and Recoll based on those alleged improprieties in 2000. Hartstone v. Fleet Bank, Docket No. CV-00-339 (Superior Court, Cumberland County). Because his previous suit against Fleet and Recoll had been dismissed with prejudice, however, Fleet and Recoll asserted a defense of res judicata and moved for summary judgment. That motion was granted by order filed November 12, 2002, and the Law Court affirmed by memorandum decision on April 28, 2003. Hartstone v. Fleet Bank, Decision No. Mem-03-63, Docket No. Cum-02-746.

Hartstone alleges that he only learned of McCue's alleged malpractice in 2002, when Fleet moved for summary judgment in CV-00-339. He commenced this lawsuit against McCue on March 8, 2004.

## Discussion

Under 14 M.R.S.A. § 753-B(1) (2003) the statute of limitations for legal malpractice runs from the date of the act or omission and not from the date of discovery:

> In actions alleging professional negligence, malpractice or breach of contract for legal service by a licensed attorney, the statute of limitations starts to run from the date of the act or omission giving rise to the injury, not from the discovery of the malpractice, negligence, or breach of

contract, except as provided in this section or as the statute of limitations may be suspended by other laws.

Pursuant to the final clause of section 753-B(1) the statute of limitations may be extended if there has been fraudulent concealment within the meaning of 14 M.R.S.A. § 859 (2003). That section provides in pertinent part:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action . . . .

In Brawn v. Oral Surgery Associates, 2003 ME 11, 819 A.2d 1014, the Law Court held that a plaintiff seeking to invoke 14 M.R.S.A. § 859 must establish either that the defendant actually concealed material facts and that plaintiff relied on defendant's acts and statements or "that a special relationship existed between the parties that imposed a duty to disclose the cause of action, and the failure of defendants to honor that duty." 2003 ME 11, ¶ 21, 819 A.2d at 1026 (quoting Harkness v. Fitzgerald, 1997 ME 207, ¶ 6, 701 A.2d 370, 372). A lawyer-client relationship has been found to constitute the kind of special or fiduciary relationship that imparts a duty to disclose. Anderson v. Neal, 428 A.2d 1189, 1192 (Me. 1981). Finally, the Law Court has noted that where a fiduciary relationship exists and material facts are not disclosed, an inference of fraud can be drawn. Brawn, 2003 ME 11, ¶ 22, 819 A.2d at 1026.

McCue argues that he cannot be found to have fraudulently concealed his alleged malpractice in not informing Hartstone of the Rule 41(b) order and in letting CV-92-480 be dismissed with prejudice because, he contends, he had no reason to believe that Hartstone wished to pursue CV-98-480 after the request for an ex parte TRO had been denied. However, there is a disputed issue for trial as to whether McCue was informed prior to 1995 that Hartstone was attempting to preserve his right to sue Fleet

and Recoll regarding the 1992 foreclosure. See McCue Statement of Material Facts filed February 17, 2005, ¶ 12; Hartstone Statement of Material Facts filed March 9, 2005, ¶ 12; McCue Affidavit, ¶ 8; Hartstone Affidavit, ¶ 7. Specifically, Hartstone contends that he informed McCue that he had preserved his right to sue Fleet and Recoll at the time of a 1993 bankruptcy settlement. If McCue was aware of Hartstone's desire to seek further redress from Fleet and Recoll when CV-92-480 was dismissed with prejudice, his failure to notify Hartstone of the dismissal could constitute fraudulent concealment.

In reaching this result, the court agrees that something more than mere nondisclosure by McCue must be found. If all Hartstone had to show was that McCue failed to notify him of the January 12 notice and the February 3 dismissal, 14 M.R.S.A. § 753-B would be turned on its head and the statute of limitations for legal malpractice would run from discovery. Nondisclosure may constitute fraudulent concealment where a special relationship exists but only where the nondisclosure in question was "for the purpose" of inducing reliance. See Glynn v. Atlantic Seaboard Corp., 1999 ME 53 ¶ 12, 729 A.2d 117, 120.

In this case, construing all the facts in the light most favorable to Hartstone, he has proffered evidence which could allow a fact finder to infer that McCue was aware that Hartstone was planning to seek further redress from Fleet and Recoll and did not inform Hartstone of the February 3, 1995 dismissal with prejudice in order to conceal his malpractice in allowing CV-92-240 to be dismissed with prejudice without informing Hartstone of the court's January 12, 1995 notice or without taking other action to protect Hartstone's interests.

The entry shall be:

Defendant's motion for summary judgment is denied. The parties shall confer and see if they can agree upon a proposed scheduling order with respect to the remaining issues in this case. If no agreement is reached by

September 1, 2005, the Clerk shall set a scheduling conference. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 11, 2005

Thomas D. Warren
Justice, Superior Court

WILLIAM MCKINLEY, ESQ.
PO BOX 9711
PORTLAND, ME 04104-5011



JOHN WHITMAN, ESQ.
PO BOX 9545
PORTLAND, ME 04112-9545