STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-353
PAF  YOR -9/29/200?

JOHN MCKINNON, on behalf of himself
and all others similarly situated,

Plaintiff

v.

**ORDER AND DECISION**

HONEYWELL INTERNATIONAL, INC.,

Defendant

OCT 16 2006

LAW LIBRARY
DONALD L. GARBRECHT

In his first amended complaint John McKenna, on behalf of himself and all others in Maine similarly situated, has brought a class action suit against Honeywell International, Inc. claiming that Honeywell engaged in "illegal, unfair, deceptive and monopolistic business practices in connection with the sale of its circular thermostats in Maine." These alleged actions are claimed to violate the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§205-A - *et seq.* and Maine's anti-trust provisions found at 10 M.R.S.A. §1101- *et seq.* Mr. McKinnon wishes to bring this action on behalf of himself and "All similarly situated consumer purchasers residing in the State of Maine (excluding governmental entities, Defendants, and subsidiaries and affiliates of Defendants) who indirectly purchased from the Defendants, for their own use and not for resale, round thermostats between June 30, 1986 and the present." The reference to "defendants" is to Honeywell only as the sole defendant.

This case began in the Superior Court, was removed to the United States District Court, transferred under the procedures governing multidistrict litigation and

eventually returned to this Court pursuant to an order of a judge of the United States District Court for the Northern District of California.

On its return scheduling orders were entered, significant but not full discovery was conducted, and the plaintiff's motion for class certification and the defendant's motion for summary judgment were filed. Comprehensive, well-crafted written arguments have been submitted and reviewed and oral argument has been held. It is first necessary to decide the motion for summary judgment. If that motion is denied then the motion for class certification would next be considered to determine whether a class should be certified and whether its composition would be as proposed or should be narrower than that suggested.

## STATUTE OF LIMITATIONS

The initial complaint was filed in this court on November 12, 2004. Mr. McKinnon apparently purchased four Honeywell circular thermostats. He is not certain where he purchased all of them, though he believes that he probably purchased three of them in 1986 at Garrity Lumber in York, Maine, and one about 2001 at Home Depot in Portsmouth, New Hampshire. Mr. McKinnon does not know what price he paid for the thermostats. Garrity Lumber is no longer in business and records from it do not appear to be available.

Any claim based on any purchases in 1986 would normally be dismissed as having been brought well beyond the standard six-year statute of limitations. See 14 M.R.S.A. §752. There are possibly applicable exceptions to this six-year limit. It is also necessary to separately discuss the more recent New Hampshire purchase which presumably was within six years of the filing of the complaint.

Maine law has a provision at 14 M.R.S.A. §859 which extends the time to bring suit in the event of fraudulent concealment. The statute states, "If a person, liable to any

2

action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action ...."

Mr. McKinnon claims that Honeywell engaged in anticompetitive practices to get and keep a monopoly in the circular thermostat market. It did so by threatening potential competition in the 1980's and by submitting false information in support of a trademark registration application. Mr. McKinnon essentially alleges that this wrongdoing was concealed until 2003 when Honeywell, the bully, picked on the wrong victim, Eco Manufacturing, LLC., a company that was interested in selling round thermostats. Rather than crumble Eco sued in a federal court in Indiana seeking a determination that its thermostat would not violate any valid Honeywell trademark. The result was favorable to Eco and, according to McKinnon, Honeywell's history of wrongdoing was finally exposed.

The question remains as to what Honeywell concealed. There was no concealment of its prices, its products or its formidable market share. There is no extension of the statute of limitations for mere non-discovery or mere non-disclosure. There must be fraudulent concealment of "the cause" of action.

This case is based on a claim that Honeywell engaged in unlawful monopolistic business practices, which allowed it to charge supra-competitive prices to its advantage and to the detriment of purchasers. While the details of how Honeywell may have accomplished this alleged feat arguably remained obscured, the basic cause of action was always there. See *Braun v. Oral Surgery Associates*, 2003 ME 11, ¶¶21-28, 819 A.2d 1014, 1025-7 and *Harkness v. Fitzgerald*, 1997 ME 207 ¶¶8-10, 701 A.2d 370, 372-3. The time limit to bring suit cannot be extended, as the cause of action was not fraudulently

3

concealed. The market portion and pricing of Honeywell were not secret and the documents relating to the trademark application were public.

The plaintiff has requested that alternatively the case not be dismissed as to the three Maine purchases under the "self- concealing conspiracy" doctrine. That doctrine has not yet been adopted in Maine and its use, if any, should await a decision by the Maine Supreme Judicial Court.

There are ample precedents for the proposition that a series of continuing violations would keep the statute of limitations from expiring. Here the remaining claimed violation, the sale of a thermostat that was unduly expensive because of illegal corporate behavior, took place in Portsmouth, New Hampshire.

This case alleges that the thermostat was too costly because of claimed illegal monopolistic practices. The claim is not that the product was defective and that Mr. McKinnon was injured or his home damaged or destroyed. The injury is the economic one of paying too much. Since the purchase was in New Hampshire and the injury, the loss of money, took place in New Hampshire the laws of New Hampshire govern. See *Adams v. Buffalo Forge Co.*, 443 A.2d 932, 34-5 (Me. 1982) which governs tort cases and Restatement (Second) of Conflict of Laws §188 (governing contracts).

Maine law permits anti-trust actions by a person who is indirectly injured, see 10 M.R.S.A. §1104(1). New Hampshire does not. See *Minuteman, LLC v. Microsoft Corporation*, 147 N.H. 634, 795 A.2d 833 (2002) and *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968). Many states including Maine and California allow by statute indirect purchasers to bring antitrust actions. New Hampshire and other states do not. See N.H.R.S.A. 356:11.

4

DAMAGES

Both the Maine Unfair Trade Practices Act and Maine's anti-trust laws require that a plaintiff suffer an economic injury, 5 M.R.S.A. §213(1) and 10 M.R.S.A. §1104(1), in order to bring suit. Because of the passage of time and lack of records, the plaintiff will not be able to establish the required injury.

It is logical to initially assume that, if the claims against the defendant are true, it engaged in such practices to make more money by charging supra-competitive prices for all of its round thermostats including those purchased by Mr. McKinnon. While Mr. McKinnon is comfortable giving a range of likely prices he paid he does not know what the price was. Honeywell has produced evidence regarding the multiple distribution channels for its round thermostats. That evidence suggests that, even if Honeywell had engaged in improper practices allowing it to charge excessive prices in some cases, market forces were such that it would not necessarily have been able to charge supra-competitive prices in all cases. For example, a distributor or retailer might not pass on the excessive price to the purchaser.

While I accept the proposition for purposes of this motion that Mr. McKinnon could have been overcharged, the evidence fails as to whether he was. *State v. Weinschenk*, 2005 ME 28, ¶27, 868 A.2d 200, 209. Without a provable injury, and left only the possibility of an injury, his claims fail.

Because of the determination that the complaint was filed too late for any purchases in Maine, that the governing New Hampshire law does permit a suit by the plaintiff based on any New Hampshire purchase, and because an economic injury cannot be established, the defendant's motion for summary judgment will be granted. It is not necessary to examine the other grounds raised by the defendant in support of

its motion for summary judgment or to consider the plaintiff's motion for class certification.

The entries are:

Defendant's motion for summary judgment is granted. Judgment for the defendant on the first amended complaint.

Plaintiff's motion for class certification is dismissed as moot.

Dated:      September 29, 2006

Paul A. Fritzsche
Justice, Superior Court

D. Michael Noonan, Esq. - PL
Daniel Mogin, Esq. (pro hac vice) - PL
Seth W. Brewster, Esq. - DEF

6